## WELLS v. EASTMAN.

The opinion of a witness on the question of negligence in setting fire to brush in a time of high wind, founded upon his knowledge of the situation of the land and brush and his observation of the wind, and upon the same question in the management of the fire founded upon the acts and omissions of the defendant at the time, is competent evidence.

CASE, for negligence in setting fire to brush on the defendant's land in a time of high wind blowing towards the plaintiff's land, and so carelessly managing the fire that it escaped to the plaintiff's land and burned his property. On trial before a referee, subject to the defendant's exception, the following inquiries made of different witnesses were excluded:

"What, if anything, did you see, about the time this fire was set, in respect to the wind, situation of the land, brush, or its condition, which rendered it improper to set the fire that day?"

"What, if anything, did the defendant and his men omit to do to keep the fire from the plaintiff's land?"

The defendant moved to set aside the referee's report made in favor of the plaintiff.

*Philip Carpenter*, for the defendant.

*G. F. Putnam*, for the plaintiff.

ALLEN, J. The question of the defendant's negligence was one to be determined from all the circumstances of the case, including the defendant's conduct and the situation of the objects in connection with which the negligence is alleged. One question was, the suitableness of the time selected for setting fire to the brush. And in determining this, the velocity and direction of the wind, the relative situation of the land of both parties, the quantity, condition, and situation of the brush, and its distance from the plaintiff's land, were material facts. The opinion of a witness who had observed these facts, upon the question of suitableness of time in setting the fire, might be more useful and valuable than a description of the facts would be to one who had not observed them, and was admissible in evidence. *Barnes* v. *Heath*, 58 N. H. 196. So, too, upon the question of the defendant's want of reasonable care in the management of the fire, the opinion of a witness derived from observation of his conduct, acts, and omissions, at the time, is competent.

*Exceptions sustained.*

BLODGETT and CARPENTER, JJ., did not sit: the others concurred.