## HARRINGTON *v.* TREMBLAY.

Where an administrator is sued personally for a tort to property committed by him before his appointment, the plaintiff is not excluded as a witness, under *s.* 18, *c.* 228, Gen. Laws, by reason of the fact that prior to the suit the defendant caused the property to be included and inventoried as a part of his intestate's estate.

In an action of trover, the defendant cannot set up the defence of property in a third person without showing some right, title, or interest in himself derived from such person.

TROVER, for sundry promissory notes, $45 in bank bills, and a piano. The defendant is the administrator of Dr. Adolphus Tremblay, who died May 12, 1879. He was appointed administrator May 28, 1879. The defendant is sued personally, and not as administrator, and he did not elect to testify. Writ dated December 30, 1879. The plaintiff offered herself as a witness, and was admitted, subject to exception. She also testified, against the defendant's objection, that she was engaged to be married to Dr.

Tremblay in his lifetime; that in the fall of 1878 he had the piano in controversy, which he had taken for a debt, and that he proposed to give it to her if she would accept it, saying it was not a very good one, but it would answer for her to practise upon; that she told him she would accept it; that the piano was then in a room occupied by Dr. Tremblay, adjoining his office in Quimby's block; that he told her she could remove it, or let it remain where it was, as she chose, and gave her a key to the room, so that she could have access to the piano whenever she wanted to use it; that from that time the piano was hers, and she used it as she had occasion, and it remained there until it was taken and sold by the defendant as administrator of Dr. Tremblay's estate, July 10, 1879. She further testified that the money was her own, and was in a pocket-book with the notes; that about the first of January, 1879, as she was taking the pocket-book from her pocket, the defendant took it from her hands without her consent, and carried it away, with its contents; that she never saw the money, notes, or pocket-book afterwards; and that the notes and pocket-book were given her by Dr. Tremblay.

The notes, money, and piano were included in the inventory returned by the defendant as administrator of the estate of Dr. Tremblay. The estate was solvent, and it was not claimed that the property in controversy was needed for the payment of debts.

The defendant requested the court to instruct the jury that there was no evidence in the case to warrant the jury in finding that there was a delivery of the piano to the plaintiff. The court declined to charge as requested, and instructed the jury that delivery is essential to the validity of a parol gift of chattels, and no title passes unless the gift is perfected by actual delivery; that to constitute such delivery, the donor must relinquish all claim, control, and possession of the property which is the subject of the gift, as against the donee; that if Dr. Tremblay gave the piano to the plaintiff, and surrendered all control, ownership, and possession of it to her, and furnished her with a key to the room to enable her to control and use the piano, and remove it at her pleasure, and the plaintiff accepted the gift, that would constitute a delivery without an actual removal of the piano by the plaintiff; and the defendant excepted. No other exceptions were taken to the charge.

The jury returned a verdict for the plaintiff, and at the suggestion of the court assessed the damages separately, as follows: For the notes, $660.46, with interest from the date of the writ. For the money, $45, with interest from the date of the writ. For the piano, $67.50.

*Sulloway, Topliff & O' Connor*, for the plaintiff.

*O. S. Cormier, W. J. Copeland*, and *Briggs & Huse*, for the defendant.

BLODGETT, J. The first and most important exception presented by the case is that of the admissibility of the plaintiff as a witness. The suit is against the defendant in his private capacity, but inasmuch as he included the property constituting the subject-matter of the suit in the inventory returned by him as administrator of his intestate's estate, it is contended in his behalf that the estate is the real party in interest, and consequently that the plaintiff was debarred as a witness by *s.* 18, *c.* 228, Gen. Laws, which provides that " when either party of record is not the party in interest, and the party whose interest is represented by such party of record is an executor, administrator, or insane, the adverse party shall not testify, unless the executor, administrator, or guardian of the insane person elects to testify himself, or to offer the testimony of such party of record."

But in respect to the notes and the money, the facts do not bring the case within the statute. A wrong-doer who, without color of title or warrant of authority, forcibly seizes and carries away chattels in the possession of another, cannot, in a suit against him for their conversion, shield himself, and exclude the other party as a witness, by causing them to be included in the inventory of a deceased person to whom they once belonged, and of whose estate he is subsequently appointed administrator, and then electing not to testify. The statutory design of equality between parties cannot be evaded or thwarted in any such manner. The defendant must stand or fall upon his rights to the chattels at the time of their conversion. The rights of the parties as they then existed furnish the decisive test, and hence it is not of the slightest consequence that the defendant has since transferred the possession and dominion of the property from himself as an individual to himself as administrator. The original issue between the parties has not thereby been changed. Having converted the property in his private capacity, the defendant can justify its conversion in that capacity, and in no other.

In this view, the plaintiff was, of course, a competent witness generally; but in any view she was a competent witness to show the defendant's acts in respect to the property, of which the deceased could not possibly have had knowledge, and was therefore rightly permitted to testify that the defendant forcibly took away the notes and money against her consent, and never returned either. This of itself was sufficient to entitle her to a recovery. *Bartlett* v. *Hoyt*, 29 N. H. 317, 321 ; 1 Ch. Pl. (13th Am. ed.) 148, note (3); Cooley Torts 445, and cases cited. The presumption of law is, that the person who has the possession of personalty has the property also ; against a wrong-doer possession is title ; and it is therefore immaterial whether the plaintiff's possession was rightful or wrongful as against the defendant, who apparently had no title whatever, and was a mere naked trespasser at the time he seized, carried away, and converted the pocket-book and its contents.

The further contention that Dr. Tremblay was the true owner does not aid the defendant. Upon the reported facts the legal presumption is otherwise; and if it were not, it is no defence to the maintenance of the plaintiff's action, because a defendant in trover cannot set up property in a third person without showing some right, title, or interest in himself derived from such person. Cool. Torts 444, and cases cited.

As to the piano, a very different case is presented. The conversion of it by the defendant was in his official capacity. The plaintiff was therefore excluded by the statute, and the objection to her testimony should have been sustained. Nor are we prepared to hold that her testimony discloses other than an unexecuted contract in respect of it. But it is useless to consider this question.

The verdict to the extent of $67.50 is set aside, and the plaintiff has judgment for the balance of it.

*Judgment accordingly.*

CLARK, J., did not sit: the others concurred.