Coös,
April 1, 1902.

HARRIS *v.* SMITH.

The defendant in an action of trover cannot set up the defence of property in a third person without showing some right, title, or interest in himself derived from such person.

The opinion of a witness as to a fair price for hauling wood between given points, founded upon his knowledge of the locality and his experience in similar business, is competent evidence and is to be regarded as a conclusion of fact derived from proper sources.

An exception to instructions is unavailing unless the attention of the court is specifically directed to the particular error claimed.

TROVER, for wood. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1901, of the superior court by *Pike,* J.

The plaintiff's evidence tended to prove the following facts: Prior to December 9, 1898, Tyler Clark and W. H. Merriam owned a woodlot in Stark, in common and undivided. In August,

1898, Merriam conveyed to one McIntire, as security for a debt, all the pulp-wood and fire-wood on the lot, and on October 18 the latter assigned his bill of sale to the plaintiff, at the request of Merriam. On the following day the plaintiff took possession of the wood, gave notice of her title to one Bogan, who was doing the chopping as Merriam's agent and servant, and ordered him to cut no more. November 17, 1898, Merriam gave Bogan a chattel mortgage of the fire-wood on the lot, including that cut after the plaintiff took possession; and on January 26, 1899, the wood was sold under the mortgage, bid off by the defendant, and subsequently drawn away by Bogan. The wood in controversy was cut by Merriam with the knowledge of Clark and without any objection on his part. Merriam conveyed his interest in the lot to Clark, December 9, 1898.

The defendant claimed (1) that the plaintiff had no title to the wood, and (2) that he simply let his team to Bogan, who used it in hauling the wood to market.

Bean, a witness for the plaintiff, who had been in the grocery business in Groveton for several years, knew the distance from the woodlot to the village and the character of the road, and had bought wood and kept horses, was asked, subject to the defendant's exception, his opinion as to what was a fair price for hauling the wood to the village.

The court instructed the jury, in substance, that if they believed the plaintiff's evidence tending to show how the wood originally owned by Clark and Merriam passed by sale from Merriam to the plaintiff, then Merriam had the right to make the sale and the plaintiff's title to the wood was valid. To this instruction the defendant excepted.

*Drew, Jordan & Buckley*, for the plaintiff.

*Sullivan & Cleaveland* and *Chamberlin & Rich*, for the defendant.

BLODGETT, C. J. The plaintiff's purchase from Merriam under circumstances strongly tending to show an estoppel, if not authorization and ratification, on the part of Clark, conferred upon her title to the wood in controversy; for even if Clark did not part with his interest in it by the sale to the plaintiff, the defendant shows no right or title to the wood derived from Clark. "In an action of trover, the defendant cannot set up the defence of property in a third person without showing some right, title, or interest in himself derived from such person." *Harrington* v. *Tremblay*, 61 N. H. 413.

Bean's opinion of what was a fair price for hauling the wood was competent. The inquiry was not one calling for expert testimony in a matter of science, art, or skill, but one seeking information from the witness in relation to a subject as to which he had the means of information, and upon which knowledge may be attained by common observation and experience. *Currier* v. *Railroad*, 34 N. H. 498, 508 ; *Nutter* v. *Railroad*, 60 N. H. 483, 485 ; *Wells* v. *Eastman*, 61 N. H. 507, 508. An opinion under such circumstances is to be regarded as essentially a conclusion of fact derived from proper sources. *Leach* v. *Bancroft*, 61 N. H. 411, 413.

No error is discovered in the instructions of the court to the jury so far as they appear in the reserved case ; and if, as is now claimed, the instructions assume the existence of facts of which there was no evidence, the defendant's general exception is unavailing. " In such a case there must be a specification of error, so that the attention of the court may 'be called to it and the error corrected before the jury retire, or the verdict will not be disturbed." *Emery* v. *Railroad*, 67 N. H. 434, 435, and authorities there cited ; *Wheeler* v. *Railway*, 70 N. H. 607, 615.

*Exceptions overruled.*

All concurred.