Hillsborough,
Jan. 2, 1934.

VIOLET RICARD *v.* POLLARD AUTO COMPANY.

SAME *v.* WILLIAM DOHERTY.

*Hurley & Connor (Mr. Connor* orally), for the plaintiff.

*Warren, Wilson, McLaughlin & Bingham (Mr. Bingham* orally), for the defendants.

PEASLEE, C. J. The case against the company is to be decided upon the evidence of an agency as between principal and agent. There is no question of holding out or of apparent authority. It is only upon the theory that the agent was about his principal's business that liability of the principal could be found. The utmost that the evidence would justify as a finding of authority conferred is that Doherty had permission to let any one drive the car if he thought that party was a prospective purchaser. This does not mean authority to permit driving by such a party to an unlimited extent, but only such as the agent considered promotive of his principal's business. It is here that the plaintiff's case against the company fails.

There was no pretence that Houle was a prospective customer in any immediate sense. He had no means and no thought of buying a car. All that could be found is that Doherty thought Houle was a future prospect.

But Doherty did not let Houle drive the car for any such reason. He testified positively that the sole object in turning the car over to Houle was that the latter should procure two female companions and the four would then proceed in the car to a dance at Manchester. There is not a particle of evidence that Doherty considered that he

was doing something which would further his principal's business. As he testified, it was a pleasure trip exclusively. He had no other object in view.

The plaintiff relies upon the testimony of the manager of the company that something had to be left to the judgment of the agent in allowing parties to drive the car. But this can only mean judgment as to what would promote the principal's business. Acts which were not shown to be of that character, in the judgment of the agent, could not be found to have been authorized. The company was entitled to a directed verdict.

The case for Doherty is put upon the ground that when he let Houle take the car the act was a conversion, and that upon such conversion, which included a surrender of possession to Houle, all Doherty's rights as to the car were ended. But it is the law here that the possession of a tortfeasor is sufficient to enable him to assert rights in and to a chattel as against one who shows no title. *Harrington* v. *Tremblay*, 61 N. H. 413; *Rochester Lumber Co.* v. *Locke*, 72 N. H. 22; *Harris* v. *Smith*, 71 N. H. 330.

It appeared from the testimony of both Doherty and the driver that the latter in possessing and operating the car was at all times subject to Doherty's direction and control, and that possession would have been surrendered to the latter upon request at any time. It is a novel theory that one who delivers a chattel to another, to be used for their common benefit and under the lender's control, can repudiate responsibility for the acts of his representative upon the ground that his own possession of the chattel was tortious.

Doherty was in rightful possession of the car. His wrongful act consisted in delivering possession to Houle. But Doherty's obligation to his employer continued. It was his duty to repossess the car. His wrongful temporary diversion of the property from the permitted use did not terminate the rights in relation to it which were essential to the performance of his continuing duty to his employer.

There was no error in denying Doherty's motion for a directed verdict, and his exception to the denial is overruled.

Exception was taken to an instruction that the plaintiff could recover for mental suffering. The ground stated was that there was no evidence. The plaintiff's injuries were caused by her being thrown against and partly through the windshield. Her face was cut and she "was bleeding something terrible." She was taken to a physician's house and her face was bandaged and plastered. She was weak and was taken home in a car. She was confined to her bed

three weeks and the doctor attended her every day during that period and at less frequent intervals for another three weeks. She suffered a good deal of pain. Two of her front teeth were broken off and she has permanent scars upon her face. The exception is without merit. *Casey* v. *Company*, 79 N. H. 42, and cases cited.

> *Judgment for the company and against Doherty.*

WOODBURY, J., did not sit: the others concurred.