Esaias Rheiner *vs.* Stillwater Street Railway and Transfer Company.

November 3, 1883.

New Trial—Misrecital of Evidence by Counsel.—A misrecital by counsel before a jury of the testimony of a witness is no ground for a new trial, it being apparent that no prejudice could have resulted.

Insufficient Exception to Charge.—Exception taken to a long "paragraph" of the charge of the court is insufficient, when the particular portion excepted to is not indicated, and a considerable part, at least, of the whole paragraph is unobjectionable.

Proceedings to condemn the real estate of respondent, Esaias Rheiner, for the purposes of appellant's railway, instituted in the district court for Washington county. The commissioners appointed by the court having made and filed their award, Rheiner appealed from

the award, and, after a trial, had a verdict for $23,500. The district court having granted a new trial on the ground that the damages were excessive, Rheiner appealed to this court, where the order granting a new trial was affirmed, the decision being reported in 29 Minn. 147. The cause having been remanded, a new trial was had, before *Crosby,* J., resulting in a verdict for $15,500. The company appeals from an order refusing a new trial.

On the trial one Martin Wolf testified, on behalf of Rheiner, as to the value of the property in question, and that he had offered to purchase from Rheiner at a rate which would make the price he was to pay for the land in question about $30,000, which offer Rheiner declined. Wolf also testified that he and his brother had owned certain land near Rheiner's land and fronting on the same street, mentioning and describing it as the Wolf brewery, and that he had sold his interest to his brother. The settled case shows that "during the argument to the jury the counsel for appellant (respondent in this court) said: 'Mr. Wolf, whom we had on this stand, was amply able to pay what he offered for the lots, and put up a large business block as he intended to, if he could purchase the property. He had owned much real estate in this city, and owns the Wolf brewery here.' Counsel for respondent (appellant in this court) takes exception to this language, saying that it is a brother of the witness who owns the brewery property, and that 'the witness, Wolf, is not worth five hundred dollars.' Counsel for Rheiner continued: 'I say that Mr. Wolf stated that he had been a resident of this city for over twenty years, and that he had owned and sold real estate here, and still owned real estate here in the city, and that he was able to pay for this property. Mr. Wolf had accumulated a fortune. He had accumulated enough to pay for the property, and I call that a fortune.' " To these remarks the counsel for the Transfer Company took exceptions. The court charged the jury at length and in detail, and the only exceptions of the Transfer Company to the charge are to certain paragraphs, each of which covers a number of points.

*Marsh & Searles,* for appellant.

Counsel, in summing up a case before a jury, must confine themselves to the facts brought out in the evidence, and it is error and a

sufficient cause for a new trial to permit counsel, over objections and exceptions, to comment upon facts pertinent to the issue, but not in evidence; and in this instance it must have very largely influenced the minds of the jury, believing that such an offer had been made by a responsible party. Proffatt on Jury Trials, § 249; *Kennedy* v. *People*, 40 Ill. 488; *Fletcher* v. *State*, 49 Ind. 124; *Farman* v. *Lauman*, 73 Ind. 568; *Scripps* v. *Reilly*, 35 Mich. 371; *State* v. *Degonia*, 69 Mo. 485; *Brown* v. *Swineford*, 44 Wis. 282

*John M. Gilman* and *L. E. Thompson*, for respondent.

*By the Court.* We see no reason to suppose that the inaccuracy of respondent's counsel in reference to the testimony of the witness Wolf could have prejudiced the case before the jury, especially in view of the modifying language which immediately followed. The language objected to could have affected the case in the minds of the jury only as it represented the witness as being able to pay the price he had offered for the land. The witness had testified that such was the fact, and the language used added nothing to the force of this fact.

The exceptions taken to the charge cannot avail the appellant. They are too indefinite to refer to any particular propositions stated in the long "paragraphs" to which they specially relate. They cannot be sustained as exceptions to the whole of such paragraphs, for much, if not all, of the matter embraced therein was unexceptionable.

Order affirmed.