# WHEELING.

## BEE v. BURDETT.

Submitted September 19, 1883—Decided April 5, 1884.

1. In a suit to enforce a vendor's lien the plaintiff avers in his bill that he sold the land at five dollars and fifty cents per acre ; the defendant states in his answer that there is a deficiency in the quantity, which by the mutual agreement of him and the plaintiff had been ascertained by one S. to be nine acres, and he exhibited with his answer the survey and plat of S. showing the deficiency claimed, to which there was no exception ; and the answer was replied to generally. HELD :

It sufficiently appeared that there was such deficiency, and the court erred in not allowing the defendant credit therefor on the purchase-money for the land. (p. 747.)

2. In a controversy merely pecuniary where the alleged errors against the appellant exceed one hundred dollars, but this Court finds an error of less than one hundred dollars, if such error be merely clerical this Court will correct and affirm the decree, but if it be judicial the decree will be reversed, with costs to the appellee in either event. (p. 748.)

A statement of the facts of the case is contained in the opinion of the Court.

*J. G. Schilling* for appellant.

*H. T. Flesher* for appellee.

SNYDER, JUDGE :

In January, 1882, Ephraim Bee filed his bill in the circuit court of Roane county against James E. Burdett alleging therein that he had in 1876, sold to the defendant a tract of ninety acres of land lying in said county at five dollars and

fifty cents per acre, making four hundred and ninety-five dollars, of which two hundred dollars was paid cash and the residue was to be paid in equal payments on March 8, 1877, and March 8, 1878; that he made a deed to defendant for the land, retaining a lien therein for the deferred payments, which was delivered to and accepted by the defendant, and that said deferred payments are due and unpaid. He prays that his vendor's lien may be enforced and the land sold to pay the same.

The defendant filed his answer in which he admits the purchase of the land at the price per acre stated, but denies that there is anything due from him on the purchase-money. He avers that after the deed had been delivered to him he informed the plaintiff that he did not believe the tract contained ninety acres, and thereupon it was mutually agreed that one Andrew Stalnaker should ascertain the quantity by survey and his survey should be taken as the true number of acres in the tract; that Stalnaker made the survey and ascertained the true quantity to be but eighty acres, three roods and thirty-three poles; that he made two payments on the deferred installments of the purchase-money, one of forty-four dollars on March 7, 1877, and the other of one hundred and forty-eight dollars and fifteen cents on March 6, 1879.

He further avers that, on August 7, 1865, he and the plaintiff made a written agreement whereby they compromised two suits then pending between them involving the title to one thousand acres of land by agreeing to divide said land and dismiss said suits with the express agreement that the plaintiff should pay him five dollars per acre for so much of his improvements on said land as should by the division fall to the share of the plaintiff; that after the purchase of the ninety acres of land aforesaid he and the plaintiff agreed that said Stalnaker should survey and ascertain how much of his improvements on said one thousand acres fell to the plaintiff by said division, and that the value of the same should be credited on the purchase of said ninety acres; that Stalnaker did survey and ascertain the quantity of improved land for which he was entitled to be paid to be nine and three fourths acres, which at five dollars per acre with interest thereon amounted, as of March 8, 1876, to seventy-nine dollars and

94

seventy cents, and he, therefore, claimed that by reason of said deficiency, payments and credit he had overpaid the plaintiff forty-six dollars and fifty-nine cents for which sum he asked a decree against the plaintiff.

The plaintiff filed a general replication in writing to said answer and to the affirmative allegations he replied specially. He denied that there was any agreement to credit the value of the improvements of the defendant, which fell to him in the division of the one thousand acres of land, on the purchase-money for the ninety acres of land, and averred that if anything was chargeable to him on that account the same was by agreement between him and the defendant to be credited on a judgment of the county court of Jackson county which he held against the defendant.

The replications as well as the answer of the defendant were sworn to. The defendant rejoined generally to the plaintiff's special replication.

On May 10, 1883, the court by its decree ascertained that the balance due the plaintiff, after deducting the two credits of forty-four dollars paid March 7, 1877, and one hundred and forty-eight dollars and fifteen cents paid March 6, 1879, was one hundred and eighty-nine dollars and sixty-six cents as of that date, and decreed that unless said sum and the costs of suit should be paid in thirty days the land should be sold by a commissioner to pay the same. From this decree the defendant obtained an appeal and *supersedeas.*

The appellant claims that the circuit court erred in allowing the plaintiff's special replication to his answer to be filed, because it was not sworn to by the plaintiff but by his agent. I do not think this objection is well taken; but if it were, it raises an immaterial enquiry in this cause. The affirmative matter alleged in said replication is entirely unsupported by any proof in the record; and, moreover, the matter of the answer to which it offers a reply did not call for affirmative relief, but merely alleged a specific credit which was purely defensive and was not therefore the subject of a special replication according to the settled rules of equity practice— *Enoch* v. *Oil Co., supra,* p. 314; *Depue* v. *Sergeant,* 21 W. Va. 326. The plaintiff's bill was not sworn to and thus, under our statute, the answer, so far as it was merely defensive,

whether sworn to or not would be given effect only as an unsworn answer. Acts 1882, chapter 71, section 38, page 159. This cause must, for the reasons stated, be disposed of on the issues made by the bill, answer and general replications.

It is also claimed by the appellant that the court erred in not allowing him credit for the deficiency in the ninety acre tract of land and for the amount to which he claimed he was entitled for his improvements on that part of the one thousand acres of land assigned to the plaintiff under the compromise and agreement mentioned in his answer. These are the important matters in this cause.

It is not disputed that the sale of the ninety acre tract was by the acre. It then there was a deficiency in the quantity the appellant was clearly entitled to an abatement of, or credit on his purchase-money for such deficiency at the contract price of five dollars and fifty cents per acre. The survey of Stalnaker, showing the quantity in the tract to be over nine acres less than ninety acres, the quantity sold, is exhibited with and made part of the defendant's answer, thus establishing the right of the defendant to a credit of about fifty-three dollars for said deficiency; and there is no exception to this survey. This the circuit court should have allowed to the defendant, and it erred in not doing so—*Orslip* v. *Cain*, 19 W. Va. 438; *Anderson* v. *Snyder*, 21 *Id.* 632.

The defendant has also exhibited the contract, dated August 7, 1865, with his answer, to show that the plaintiff agreed to pay him five dollars per acre for so much of his improved land as should fall to the plaintiff in the division of the one thousand acres of land therein mentioned. But there is no proof in the record even tending to support the allegations of his answer that the value of said improvements had been ascertained to be seventy-nine dollars and seventy cents or any other sum, nor that anything was in fact due on that account, nor that the plaintiff had agreed to credit whatever might be found due therefor, on the purchase-money claimed in this suit. This claim is denied in both the general and special replications of the plaintiff and, consequently, in the absence of any proof to sustain it, I am of opinion that the court did not err in disallowing it.

For the errrr aforesaid the decree of the circuit court must be reversed; but the amount of said error being less than one hundred dollars, the amount necessary to give this Court jurisdiction, the appellant is not entitled to costs in this Court; because, if that had been the only error assigned here by the appellant, this Court would not have entertained his appeal. The credits claimed by the appellant in the court below were the fifty-three dollars allowed by this Court and an additional one of seventy-nine dollars and seventy cents, and by his appeal he continued the controversy in this Court as to said two sums, aggregating over one hundred dollars, thus giving this Court jurisdiction; but the larger of the two credits claimed is disallowed by us and as to that item the decree of the circuit court is affirmed. If the error found by us had been a clerical error or one which this Court could correct under the provisions of section 6 of chapter 134 of the .Code, we would correct and affirm the decree at the costs of the appellant. *Ross* v. *Gordon*, 2 Munf. 289; *Ashly* v. *Kiger*, 3 Rand. 165. But the error found in this cause not being of that character, being a judicial error and of that class which can be corrected only by a reversal of the decree, this Court, if it grants any relief whatever, must reverse the decree. In doing so, however, it is not bound to award costs to a party who by an unfounded claim of error has imposed upon this Court the labor of considering a decree which was not in fact appealable. It is the express policy of this State declared by the Constitution, that errors less than one hundred dollars must be submitted to without appeal to this Court. We are, therefore, not inclined to encourage litigants to make false claims in order that they may reach the jurisdiction of this Court to have a real claim of less than one hundred dollars passed upon. In this cause the false claim was greater than the real; and as the the greater is disallowed by us, the appellant can not strictly claim that he is the party substantially prevailing.

I am, therefore, of opinion that the decree of the circuit court, for the error aforesaid, must be reversed with costs to the appellee; and the cause is remanded to the circuit court with directions to that court to allow the credit here-

inbefore indicated and for further proceedings to be there had according to the principles announced in this opinion.

REVERSED.    REMANDED.