# CHARLESTON.

## STATE *v.* OTIS W. MILLER.

Submitted November 25, 1919. Decided December 5, 1919.

1. ASSAULT AND BATTERY—*Right of Self-Defense to Aggressor.*

One assaulted by another is not bound to retreat, but if he is the aggressor, or unnecessarily pursues his assailant after the latter has declined the combat and inflicts upon him bodily injury, he is guilty of assault and battery. The rules of self-defense are the same in their application to felony, misdemeanor and in civil cases. (p. 328).

2.  CRIMINAL LAW—*Harmless Error.*

    Error in the admission or rejection of evidence, or in the
    giving or refusing of instructions to the jury, will not be good
    ground for reversal when it appears upon the whole case as
    presented and the admissions of the defendant the verdict
    ought to be confirmed.   (p. 329).

3.  SAME—*Cruel and Unusual Punishment.*

    A fine of two hundred dollars and imprisonment for sixty
    days imposed by the court on a verdict of guilty of assault and
    battery is not excessive or cruel and unusual punishment in-
    hibited by the Constitution.   (p. 329).

Error to Circuit Court, Monongalia County.

Otis W. Miller was convicted of assault and battery, and he
brings error.

*Affirmed.*

*Charles Powell, C. Wm. Cramer* and *L. V. Keck,* for plaintiff
in error.

*E. T. England,* Attorney General, *Charles Ritchie,* Assistant
Attorney General, and *Stanley R. Cox,* Prosecuting Attorney,
for the State.

MILLER, PRESIDENT:

Upon an indictment in two counts, the first charging defend-
ant with having feloniously and maliciously stabbed, cut and
wounded one Samuel E. Snider, with intent to maim, disfigure,
disable and kill him; the second with unlawfully and feloniously
beating, wounding and ill-treating him with intent and malice
aforethought to kill and murder him, the jury found him guilty
of assault and battery upon said Snider, as charged in the in-
dictment, the lowest offense of which he could have been con-
victed thereunder; and the judgment now under review was
that he pay to the State a fine of two hundred dollars and be
also confined in the jail of the county for the period of sixty
days.

Numerous points of error relating to the admission of evi-
dence and to the giving and refusing of instructions, are urged
and relied on to reverse the judgment, and a number of them
are well founded; but on the defendant's own testimony the

jury could not rightfully have acquitted him or rendered a verdict for a lesser offense. He says he met Snider in the public road, Snider on a wagon loaded with coal going in one direction, he afoot and going in the opposite direction. He contradicts Snider as to which of the two cast the first stone. He says Snider laughed at him and first threw a piece of coal about the size of his fist, hitting him on the breast. Snider's evidence was that when the two met on the road, Miller with an oath said: "I will bring you off there;" that defendant had a package under his arm which he threw down, and gathered up a stone and took after him, and when he got close enough threw the stone and struck him under his right shoulder blade; that he never stopped his horses, but went right on, doing nothing until he saw he would have to defend himself, when he got upon his feet on the load and picked up a lump of coal weighing probably four or five pounds, and that when Miller got up to where he might throw again, he drew back as if he would throw the coal, and when he dropped the coal Miller took after him again and followed him some twelve hundred yards, continued throwing stones, throwing from twelve to twenty of them, two or three of which would have hit him also, if he had not dodged. Miller admits having pursued Snider in this way, but contends it was not over five hundred feet. He admits he tried to hit Snider with these stones. Miller was thirty-eight years of age and weighed, one hundred and ninety pounds; Snider was sixty-one years of age and weighed about one hundred and forty-five pounds.

The assault here complained of was committed in October, 1916. The record of an indictment against defendant for a previous assault upon Snider in April of the same year, and his confession of guilt thereon, was admitted in evidence over his objection. We think the evidence showing such a recent assault was properly admitted. But if we exclude that record, still the evidence of defendant shows beyond question that he was also guilty of this more recent assault and battery upon Snider. Admitting that Snider may have first hit Miller with a piece of coal, he did not stop but went right on, all the time going away from Miller. Miller was in no danger, and it was wholly unnecessary for him, as a means of self-defense, to have pursued

Snider with rocks, as he admits he did. He was not bound to retreat, but he could not lawfully pursue Snider. When he did so, he undoubtedly became the assailant, and liable for the consequences of his acts and conduct; and of course if he threw the first stone, he was the assailant from the very inception of the affray. Defendant can not justify his assault on the basis of self-defense. ' The rules of self-defense are the same in their application to felony, misdemeanor and in civil cases. *Teel* v. *Coal & Coke Railway Co.,* 66 W. Va. 315, point 4 of the syllabus. · The law of self-defense is so well understood and has been so many times laid down by prior decisions as to need no additional affirmation in this case.

The rule of law applicable to the facts is that an appellate court will not reverse the action of the trial court because of the admission or rejection of evidence or because of erroneous instructions, where it appears to the court upon the whole case as presented and the admissions of the defendant the verdict ought to be confirmed. *Tucker* v. *The Colonial Fire Insurance Co.,* 58 W. Va. 30, 43, and cases cited; *State* v. *Hull,* 45 W. Va. ·767; *White* v. *L. Hoster Brewing Co.,* 51 W. Va. 259; 1 Enc. Dig. Va. & W. Va. Rep. 592, and cases there digested. In such a case what good would come of a reversal for error when on a new trial the lowest possible verdict which could be rightly found on the defendant's own admissions would be the one found by the jury on the first trial? We can not and ought not assume that on another trial the jury would go counter to defendant's admissions, and acquit him of guilt, when he confesses the facts establishing his guilt beyond any peradventure.

The point most strenuously urged is that the fine imposed is excessive, and that the judgment of imprisonment amounts to cruel and unusual punishment, prohibited by the Constitution. Assault and battery is a common-law offense, of which our courts have jurisdiction, and no statute limits the punishment. The amount of the fine and the term of imprisonment are discretionary with the court, and limited only by the Constitution, that it shall not be excessive, nor cruel and unusual. *State* v. *McKain,* 56 W. Va. 128; *Ex parte Garrison,* 36 W. Va. 686; *Ex parte Wait W. Richards,* 53 W. Va. 555, 556.

The fine of two hundred dollars and imprisonment for sixty

days no doubt seems harsh to the defendant, considering the result of the assault on Snider, but he pursued Snider viciously, and says he tried to hit him with rocks. If in doing so he had killed Snider, as was possible, his crime would have been murder. By his own confession he had been guilty of a recent assault on Snider, and had paid a small fine then assessed against him. This was a second offense, and the purpose of the court in assessing the larger fine and also imprisonment was to make the judgment effective to prevent further assaults of the same kind. Prevention of crime is the purpose of all punishment. The judgment does not fall within any of the cruel and unusual punishments inveighed against by the Constitution. *State* v. *Woodward,* 68 W. Va. 66, and cases cited.

For these reasons the judgment will be affirmed.

*Affirmed.*