## CHARLESTON.

STATE *v.* A. H. MITCHELL, *et al.*

(No. 6254)

Submitted September 18, 1928. Decided September 25, 1928.

*H. W. B. Mullins,* for plaintiffs in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendants, A. B. Mitchell and Stanford Ball (plaintiffs in error) were each tried, convicted and sentenced to pay a fine of $300.00 and serve two years in the penitentiary on an indictment charging them with owning, operating, maintaining, possessing and having an interest in a "moonshine still," in violation of section 37, Chapter 32-A, Code.

Although several grounds of error are assigned, the one most earnestly pressed is that predicated upon the following instruction given for the State: "The court further instructs the jury that if the jury, or any member of the jury, is satisfied with the defendants' guilt beyond a reasonable doubt, then they can not find them not guilty." Counsel for the State virtually admits that this instruction is erroneous, but contends, under the authority of the cases of *State* v. *Smith,* 97 W. Va. 313, and *State* v. *Miller,* 85 W. Va. 326, *State* v. *Hurley,* 78 W. Va. 628, and *Reilly* v. *Nicholl,* 72 W. Va. 189, that as the jury could not have properly found a different verdict under the evidence, the defendants will not be heard to question erroneous rulings of the trial court. Whether or not the facts justified the decisions in those cases, we do not think the facts justify the application of the rule in this case where the error is so glaring and prejudicial. The jury experienced difficulty in reaching a verdict and did so only after returning from their room into court, securing the instructions, and retiring for further deliberation. The instruction in question was plainly an invitation to the jury to find the defendants guilty. As was well said by JUDGE LIVELY in the case of *State* v. *Patko,* 97 W. Va. 298, a person

charged with crime is entitled to a fair and impartial trial which includes a correct interpretation of the law governing the questions arising therein.

We find no merit in any of the other errors assigned. For the reason stated, the judgment is reversed, the verdict set aside and a new trial awarded the defendants.

*Reversed; verdict set aside; new trial awarded.*