RAY STRAWN *v*. ARLEY INGRAM

(No. 8522)

Submitted April 20, 1937. Decided May 11, 1937.

*Lloyd Arnold*, for plaintiff in error.
*Chauncey D. Hinerman*, for defendant in error.

HATCHER, JUDGE:

In a fight between plaintiff, Ray Strawn, and defendant, Arley Ingram, the former received personal injuries, for which he recovered a judgment. Defendant alleges error.

The physician who treated plaintiff after the fight testified without contradiction that his skull was fractured, his brain severely concussed and permanently contused, his face and head lacerated, and his vision permanently impaired. The plaintiff, aged 36 years, testified without contradiction that since the assault, his head has pained him intermittently at the place where his skull was fractured, that his eyes have ached almost continuously, that he can "scarcely see" with his left eye and can see "not more than half" with his right eye; that he has been dizzy at times and "night after night" has not "known what sleep is." The verdict specified that actual damages were assessed at $800.00 and punitive damages at $25.00.

The points of error are that the trial court (1) struck from the record defendant's special plea of justification; (2) directed a verdict for plaintiff; (3) instructed the jury (in writing) it could consider as a part of plaintiff's damages an element not proven; (4) refused to instruct on the burden of proof and preponderance of evidence; and (5) orally instructed the jury to find both compensatory and punitive damages for plaintiff.

1. The plea was stricken because not filed within the time required by a court rule, as construed by the court. This action, however, need not be considered seriously. Defendant testified unequivocally that he and plaintiff mutually agreed to fight. Defendant admitted striking plaintiff on the head with an iron bar "not exactly to protect" himself. He admitted intentionally gouging plaintiff's eye with his thumb and hitting plaintiff with his fist after having him on the ground. Under such circumstances, the law recognizes no justification for the injuries inflicted, and striking defendant's plea did not prejudice him. "If men fight the state will punish them. If one is injured, the law will not listen to an excuse

based on a breach of the law. * * * The rule of law is therefore clear and unquestionable, that consent to an assault is no justification. Where a combat involves a breach of the peace, the mutual consent of the parties thereto is generally regarded as unlawful, and as not depriving the injured party, or for that matter, each injured party, from recovering damages for injuries received from the unlawful acts of the other." Cooley on Torts (4th Ed.), section 97. Accord: *Royer* v. *Belcher*, 100 W. Va. 694, 131 S. E. 556, 47 A. L. R. 1089; *Morris* v. *Miller*, 83 Neb. 218; 119 N. W. 458, 20 L. R. A. (N. S.) 907, 131 Am. St. Rep. 636, 17 Ann. Cas. 1047; 6 A. L. R., Annotation 388; 4 Am. Juris., Assault and Battery, section 137.

2 and 4. Because the combat was by mutual consent and no counterclaim was interposed, verdict for plaintiff was properly directed. The fact that plaintiff was also at fault is no defense. *Brown* v. *Patterson*, 214 Ala. 351, 108 So. 16; 47 A. L. R. 1093. That fact may be taken by the jury to preclude or mitigate punitive damages but not to reduce actual damages. *Grotton* v. *Glidden*, 84 Me. 589, 24 A. 1008, 30 Am. St. Rep. 413. And because there was no material conflict in the evidence as to the infliction or the extent of plaintiff's injuries, instruction on the burden of proof and preponderance of evidence was uncalled for.

3. As an element of actual damages the jury was instructed that it might consider the reasonable medical expense incurred by plaintiff because of his injuries. The amount of this expense was not proven. This submission, however, was made in an instruction which properly submitted six other elements of damage, and the record shows only a bare objection to the instruction as a whole. In a like situation, the Supreme Court of the United States said: "It has been too frequently held to require the extended citation of cases that an exception of this general character will not cover specific objections, which in fairness to the court ought to have been called to its attention, in order that if necessary, it could correct or modify them. A number of the rules of damages laid

down in this charge were unquestionably correct; to which no objection has been or could be successfully made. In such cases it is the duty of the objecting party to point out specifically the part of the instructions regarded as erroneous." *McDermott* v. *Severe*, 202 U. S. 600, 610, 26 S. Ct. 709, 713, 50 L. Ed. 1162. Accord: *Rheiner* v. *Stillwater, etc., Co.*, 31 Minn. 193, 17 N. W. 279; *Harris* v. *Smith*, 71 N. H. 330, 52 A. 854; *Chase Bag Co.* v. *Longoria*, (Tex. Civ. App.) 45 S. W. (2d) 242; *Logan* v. *Ins. Co.*, 293 Ill. 510, 127 N. E. 688; *Hinton Milling Co.* v. *Milling Co.*, 78 W. Va. 314, 318, 88 S. E. 1079; *Bell* v. *Gas Co.*, 106 W. Va. 155, 158, 145 S. E. 165; Reid's Branson on Instructions (3rd Ed.), section 173; 13 Standard Ency. of Procedure, Instructions, pp. 1003, *et seq.;* 3 Am. Juris., Appeal and Error, sections 263, 381; 3 C. J., Appeal and Error, section 639.

While objections are to be regarded practically, "with a view to facilitating rather than impeding review," nevertheless, "every reasonable effort" to have error obviated, should be made in the trial court by the objector before his objection will merit appellate review. *Allis* v. *U. S.*, 155 U. S. 117, 122-3, 15 S. Ct. 36, 39 L. Ed. 91. Unless the defect is obvious, counsel, in objecting, must "lay his finger" on the precise error he conceives, so that the trial court may not fail of opportunity to consider it. *Russell* v. *Olson*, 22 N. D. 410, 133 N. W. 1030, 37 L. R. A. (N. S.) 1217, Ann. Cas. 1914 B., 1069. On motion to set aside the instant verdict, it does not appear that the defendant represented to the trial court that the jury's assessment for actual damages presumptively contained a conjectural allowance for medical expenses. It is not shown that defendant protested the quantum of the assessment at all. The severity and permanency of plaintiff's injuries furnished the jury ample basis for the assessment. We are therefore of opinion that "justice itself and fairness to the court which made the ruling complained of" require us to disregard this point of error. *Harvey* v. *Tyler*, 2 Wall. 328, 329, 17 L. Ed. 871.

5. The court orally directed the jury as follows: "In this case you will return the following form of verdict

'We the jury find for the plaintiff and assess his actual damages at blank dollars, inserting the amount, and his punitive damages at blank dollars, inserting the amount, the amounts to be determined from the evidence, at your discretion, understand, and not in the aggregate to exceed the sum of $15,000.00,'" (the amount sued for). The court had instructed in writing on compensatory damages; so we see no prejudice in his oral explanation of the form of verdict thereon. It was error, however, to direct the jury, either orally or in writing, to assess punitive damages. Though the existence of elements may be established which warrant the assessment of exemplary damages, "it is with a jury to say whether or not they shall be given." *Fink* v. *Thomas*, 66 W. Va. 487, 66 S. E. 650, 19 Ann. Cas. 571. The assessment thereof, however, is only $25.00. It was formerly the practice of this court, upon finding pecuniary error less than the jurisdictional amount of $100.00, to reverse with costs to appellee or defendant in error. *Rymer* v. *Hawkins*, 18 W. Va. 309; *Bee* v. *Burdette*, 23 W. Va. 744; *Wallace* v. *Leroy*, 57 W. Va. 263, 50 S. E. 243, 110 Am. St. Rep. 777. It later became the practice, equally efficacious and more direct, to deduct here the erroneous excess from the judgment and affirm the judgment as corrected, with costs to appellee or defendant in error. *Toler* v. *Sanders*, 77 W. Va. 398, 87 S. E. 462; *Cardwell* v. *Assurance Corporation*, 105 W. Va. 197, 141 S. E. 789. The later practice will be followed here.

The judgment will be modified and affirmed.

*Modified and Affirmed.*