410 S.E.2d 701

Ronald A. GABLE, Administrator of the Estate of Carol A. Gable, and Ronald A. Gable, Individually, Appellant, Plaintiff Below,

v.

The KROGER COMPANY, a corporation, Appellee, Defendant Below.

No. 19996.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 11, 1991.

Decided Oct. 16, 1991.

Donald J. Tennant, Jr., Wheeling, for appellant.

Scott S. Blass, Bachmann, Hess, Bachmann & Garden, Wheeling, for appellee.

NEELY, Justice:

Ronald G. Gable, as administrator of his late wife's estate and in his individual capacity, appeals from several trial court rulings in a slip and fall case. On 19 September 1987, Carol Gable slipped and fell while shopping at a Kroger store in Benwood, West Virginia, causing her to suffer a herniated disc. Mrs. Gable sued Kroger for its alleged negligence in the accident. The jury found Mrs. Gable 65% negligent and the trial judge, therefore, entered judgment in favor of Kroger. Mr. Gable, as his wife's successor, now appeals. We affirm.

## I.

Mr. Gable planned to call four Kroger employees as adverse witnesses during his case-in-chief. The trial judge, however, granted a motion *in limine* by Kroger that prevented Mr. Gable from doing so, but the judge required Kroger to stipulate that it would call the employees in question during its case-in-reply.

■ The controlling issue involves the interplay among the various rules that have governed trial procedure for calling adverse witnesses. Both the *West Virginia Rules of Civil Procedure* and the *West Virginia Rules of Evidence* are modeled after their federal counterparts; therefore, the history of the federal rules provides guidance in interpreting our rules. Rule 43, *Fed.R.Civ.Pro.* was adopted as a provisional evidentiary framework in 1937 supplanting the previous common law system. 5 J. Moore, J. Lucas, & J. Wicker, *Moore's Federal Practice* ¶ 43.01[1.1] (2nd ed.1991). Rule 43(b) provided, in part: "A party may call an adverse party ... and interrogate him by leading questions...." Thereafter, the ability to call an adverse party and interrogate him with leading questions remained a part of Rule 43(b) until it was abrogated in 1975, following the adoption of the *Federal Rules of Evidence*. 5 J. Moore, J. Lucas, & J. Wicker, *Moore's Federal Practice* ¶ 43.01[13] (2nd ed.1991).

Rule 611(c) of the *Federal Rules of Evidence* replaced Rule 43(b) of the *Federal Rules of Civil Procedure* as the law controlling the calling of adverse witnesses. The United States Supreme Court's 1971 draft of Rule 611(c) provided:

Leading Questions.—Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily leading questions should be permitted on cross-examination. *In civil cases, a party is entitled to call an adverse party or witness identified with*

*him and interrogate by leading questions.* (Emphasis added.)

The version adopted by Congress, however, was substantially different. It provided:

> Leading Questions.—Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily leading questions should be permitted on cross-examination. *When a party is entitled to call an adverse party or a witness identified with an adverse party, interrogation may be by leading questions.* (Emphasis added.)

Although the version adopted by Congress omits the explicit language "a party is entitled to call an adverse party," the House report shows that Congress did not intend to change a party's ability to call an adverse witness and examine him with leading questions. The report states:

> *The Committee amended this Rule to permit leading questions to be used with respect to any hostile witness, not only an adverse party or person identified with such adverse party.* The Committee also substituted the word "When" for the phrase "In civil cases" to reflect the possibility that in criminal cases a defendant may be entitled to call witnesses identified with the government, in which event the Committee believed the defendant should be permitted to inquire with leading questions. (Emphasis added.)

*Moore's Federal Practice* § 611.05(8).

This Court abrogated *West Virginia Rule of Civil Procedure* 43(b) on 1 October 1988 following the adoption of the *West Virginia Rules of Evidence* in 1985, because the new rules made it obsolete. As provided in the original reporter's notes to the changes in the *West Virginia Rules of Civil Procedure* adopted 1 October 1988:

> Old Rules 43(a)(b) and (c) are hereby superseded by the detailed provisions of the new Rules of Evidence. To this extent subdivision (b) governing the scope of cross-examination and subdivision (c) governing offers of proof have been abrogated. Cross-examination and offers

of proof are now controlled by Rule 611(b) and Rule 103 of the *West Virginia Rules of Evidence.*

The abrogation of Rule 43(b) was not intended to change the rules governing the calling of adverse witnesses. Rule 611(c) of the *West Virginia Rules of Evidence* provides the same latitude that Rule 43(b) provided. Under Rule 611 of the *West Virginia Rules of Evidence* [1985], a party is entitled to call an adverse party and interrogate that party by leading questions. Mr. Gable contends that this means a court *must* allow a plaintiff to call all adverse or hostile parties during his case-in-chief and then to examine the hostile or adverse parties by leading questions. We do not read Rule 611 so rigidly.

Rule 611(a) of the *West Virginia Rules of Evidence* [1985] provides:

> *Control by Court.*—The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment....

Rule 611(a) specifically grants the trial judge "reasonable control over the mode and order of interrogating witnesses and presenting evidence." As the note of the Advisory Committee to the drafters of the Federal Rules suggests:

> Spelling out detailed rules to govern the mode and order of interrogating witnesses and presenting evidence is neither desirable nor feasible. The ultimate responsibility for the effective working of the adversary system rests with the judge. The rule sets forth the objectives which he should seek to attain.

Item (1) restates in broad terms the power and obligation of the judge as developed under common law principles. It covers such concerns as whether testimony shall be in the form of a free narrative or responses to specific questions, *McCormick* § 5, the order of calling witnesses and presenting evidence, 6 *Wigmore* § 1867, ... and the many other

questions arising during the course of a trial which can be solved only by the judge's common sense and fairness in view of the particular circumstances.

Item (2) is addressed to avoidance of needless consumption of time, a matter of daily concern in the disposition of cases. A companion piece is found in the discretion vested in the judge to exclude evidence as a waste of time in Rule 403(b)....

■ Under Rule 611(a) of the *West Virginia Rules of Evidence* [1985], the trial judge clearly has discretion to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence...."; and in doing so, he must balance the fairness to both parties.

■ Although the members of this Court may well have ruled differently at a trial, the question before us is whether the circuit judge abused his discretion in ruling as he did. Although it would have been an abuse of discretion not to allow the plaintiff to cross-examine clearly adverse or hostile parties with leading questions, it was not an abuse of discretion to delay this questioning until the defendant's case-in-reply.

## II.

■ Mr. Gable claims the trial judge also erred when he excluded evidence of two previous slip and fall incidents at the Kroger store. One of the incidents occurred in May, 1985, and the other occurred in August, 1987. Neither occurred in the same area of the store, and neither was the result of a similar problem. Rule 404(b) of the *W.Va. Rules of Evidence* 404(b) [1985] provides:

*Other Crimes, Wrongs, or Acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

As we stated in *State v. Welker,* 178 W.Va. 47, 357 S.E.2d 240, 244 (1987):

Rule 404 of the *West Virginia Rules of Evidence,* like its federal counterpart, generally restricts the use of character evidence introduced for the purpose of proving that a person acted in a particular manner on a particular occasion. Rule 404 is an attempt to codify the common law rules on the admission of character evidence, and we therefore look to the common law for guidance.

In this instance, *Hendricks v. Monongahela West Penn Public Service Co.,* 111 W.Va. 576, 163 S.E. 411 (1932), provides us that guidance. In *Hendricks,* this Court held:

To be admissible at all, however, such evidence ... must relate to accidents or injuries or defects existing at substantially the same place and under substantially the same conditions ... [and although] several occurrences or occasions need not be exactly similar ..., evidence of accidents or injuries occurring under different circumstances or conditions is not admissible. (Citing 45 C.J., p. 1245, Sec. 808, Subject, "Other Acts, Injuries or Defects").

We find the prior accidents that Mr. Gable wished to introduce were not substantially similar to Mrs. Gable's accident. One occurred over two years before Mrs. Gable's accident. The other was in a different part of the store and was caused by an overflow of water from malfunctioning equipment. Mrs. Gable, on the other hand, slipped on some spilled cottage cheese. Therefore, the trial judge did not abuse his discretion in excluding these incidents.

## III.

■ Mr. Gable also claims that the trial court erred in not allowing his lawyer to cross-examine James Gall, the manager of the Benwood Kroger store, about the Kroger Risk Management Program. The program instructs Kroger employees not to admit liability under any circumstances, even when making a claim payment. Mr. Gable contends that such cross-examination should have been allowed to show Mr.

Gall's bias as a witness. Although the trial judge did not allow this cross-examination, he did allow Mr. Gable's lawyer to cross-examine all of the Kroger employees about their loyalty towards their employer and the possible bias resulting from this loyalty.

■ Rules 402 and 403 of the *West Virginia Rules of Evidence* [1985] direct the trial judge to admit relevant evidence, but to exclude any evidence the probative value of which is substantially outweighed by the danger of unfair prejudice to the defendant. Such decisions are left to the sound discretion of the trial judge, and he did not abuse his discretion in excluding this testimony.

### IV.

■ Finally, Mr. Gable contends that the trial judge should have ordered a new trial because of juror confusion over the law of comparative negligence. Donald Tennant, Mr. Gable's counsel, could have requested that a comparative negligence instruction be given to the jury, but he admitted at oral argument that he did not do so as a matter of trial strategy. As we held in Syllabus Point 3 of *State v. Scotchel*, 168 W.Va. 545, 285 S.E.2d 384 (1981):

> Ordinarily, a juror's claim that he was confused over the law or evidence and therefore participated in the verdict on an incorrect premise is a matter that inheres in or is intrinsic to the deliberative process and cannot be used to impeach the verdict.

The trial judge was correct in not granting a new trial on the grounds of possible juror confusion.

### V.

Therefore, for the reasons set forth above, the judgment of the Circuit Court of Marshall County is affirmed.

Affirmed.