486 S.E.2d 793

**Phillip M. COLLINS, Appellant,**

v.

**Kenneth G. BENNETT, dba Bob Bennett Homes, Inc., Appellee.**

**No. 23739.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 15, 1997.

Decided April 16, 1997.

Rehearing Denied June 5, 1997.

William L. Jacobs, Parkersburg, for Appellant.

George J. Cosenza, Cosenza & Underwood, Parkersburg, for Appellee Bennett.

PER CURIAM:

A jury in this battery action returned a verdict for the defendant, Kenneth G. Bennett, d.b.a. Bob Bennett Homes, Inc. On appeal the appellant, Phillip M. Collins, who was the plaintiff below, claims that the trial

626

judge erred in instructing the jury, in refusing to admit evidence of similar violent acts committed by Kenneth G. Bennett, and in refusing to admit certain medical bills which he offered into evidence. After reviewing the issues presented and the documents filed, this Court cannot conclude that the trial court committed reversible error. The judgment of the Circuit Court of Wood County is, therefore, affirmed.

This action grows out of an altercation which occurred between the appellant and Kenneth G. Bennett on March 28, 1993. On that date, by pre-arrangement, the appellant, who had a contract with Kenneth G. Bennett, d.b.a. Bob Bennett Homes, Inc., to roof certain houses being built by Mr. Bennett, met Mr. Bennett at a job site to collect payment for a roofing job which he had completed. In the course of the meeting an argument developed, and during the argument, the appellant swung and struck Mr. Bennett. According to the appellant the blow was very minor and barely brushed Mr. Bennett's face. According to other witnesses the appellant struck Mr. Bennett in the face with his fist and knocked Mr. Bennett's hat and glasses off. Mr. Bennett responded by striking and grabbing the appellant.

As a result of the incident, the appellant, who clearly struck the first blow, but who also believed that he had received certain spinal fractures in the altercation, instituted the present battery action against Kenneth G. Bennett, d.b.a. Bob Bennett Homes, Inc., in the Circuit Court of Wood County. Mr. Bennett responded by filing an answer and a counterclaim in which he sought damages for the battery which the appellant had committed upon him.

During the pre-trial development of the case, it became apparent that the appellant intended to introduce evidence of two unrelated violent acts by Mr. Bennett. The first had occurred a number of years prior to the March 28, 1990, incident. The second occurred approximately two years after March 28, 1990. Upon learning that the appellant intended to introduce evidence of these incidents Mr. Bennett filed a motion *in limine* to preclude the introduction of the evidence. The trial court granted the motion *in limine*.

In the course of the trial of the case, the appellant, while admitting that he had struck the first blow during the March 28, 1990, incident, took the position that he had barely brushed the side of Mr. Bennett's face. He did indicate, however, that he had knocked Mr. Bennett's glasses askew and knocked his hat off. On the other hand, witnesses for Mr. Bennett indicated that the appellant's initial blow had been more substantial. Randall Duane Schofield, for instance, testified that the appellant, without provocation, struck Mr. Bennett on the head with his fist. Another witness, Kenneth Warner, testified that the appellant punched Mr. Bennett on the top of the forehead with his fist and knocked Mr. Bennett's hat and glasses off. Mr. Bennett himself testified that the appellant struck him with a fist above his left eye and knocked his hat and glasses off.

During the trial the appellant sought to introduce certain medical bills into evidence. The attorney for Mr. Bennett objected to the bills essentially on the ground that the appellant had failed to establish that the bills were incurred for injuries proximately caused by the March 28, 1990 incident. The trial court ruled that the bills were admissible, but only if the appellant could show that they were for expenses incurred as a result of the March 28, 1990, incident. The appellant did not make the appropriate showing, and as a consequence, the bills were not introduced into evidence.

At the conclusion of the trial the trial court gave a charge to the jury which defined battery in the same way for the purposes of both the complaint and the counterclaim. The Court cannot find in the record that either party objected to this instruction. The Court also gave a self-defense instruction for Mr. Bennett which stated:

In response to the Plaintiff's claim that the Defendant committed a battery, the Defendant raises the defense of self-defense. This is what the law calls an affirmative defense, and the Defendant is required to sustain such affirmative defense by the same measure of proof which applies to the Plaintiff, that is to say, by the preponderance or the greater weight of the evidence and if you believe that the

Defendant has failed to prove by a preponderance of the evidence that he acted in self-defense, then you may not return a verdict in favor of the Defendant based upon a claim of self-defense.

A person who reasonably apprehends bodily harm by another, or is subjected to bodily harm by another, is privileged to exercise reasonable force to repel the assault or battery; however, the amount of force used to defend oneself must not be excessive and must be reasonable in relation to the perceived threat or actual harm.

Mere words, however grievous, even when spoken for the purpose of provoking another person, will not justify a battery.

A person who is at fault or is the physical aggressor cannot rely on self-defense.

If you believe Kenneth G. "Bob" Bennett was not the physical aggressor but defended himself after being placed in reasonable apprehension that he would suffer bodily harm at the hands of Phillip M. Collins, or after he was subjected to bodily harm by Phillip M. Collins, and that the amount of force he used to defend himself was not excessive and was reasonable in relation to the perceived threat by Mr. Collins, or the actions of Mr. Collins, then you shall find for the Defendant, Kenneth G. "Bob" Bennett and against the Plaintiff, Phillip M. Collins.

After deliberating the jury returned a verdict for Mr. Bennett on the appellant's claim and for the appellant on Mr. Bennett's counterclaim. In effect, the jury refused to award either party damages. By order entered March 5, 1996, the trial court entered judgment for the parties consistent with the jury's verdict. By subsequent order entered April 4, 1996, the court denied the appellant's motion to set aside the verdict and to award him a new trial.

In the present appeal the appellant's first assertion is that the trial court's charge to the jury in this case was defective in that it failed to instruct the jury that in a case of mutual combat either party may be held responsible and be required to pay damages irrespective of which party struck the first blow.

In examining the record filed with this appeal, this Court cannot find that the appellant proffered an instruction to this effect to the trial court. The Court does note, however, that the appellant, in his brief, in arguing this point relies principally upon the case of *Strawn v. Ingram,* 118 W.Va. 603, 191 S.E. 401 (1937), and that the appellant asserts the following proposition in support of his position:

> The rule of law is therefore clear and unquestionable, that consent to an assault is no justification. Where a combat involves a breach of the peace, the mutual consent of the parties thereto is generally regarded as unlawful, and as not depriving the injured party, or for that matter, each injured party, from recovering damages for injuries received from the unlawful acts of the other.

The appellant is apparently reading the *Strawn* case for the proposition that where two parties are engaged in combat, the fact that one struck the first blow does not preclude him from recovering, and he is apparently claiming that because he and Mr. Bennett were engaged in mutual combat Mr. Bennett was legally precluded from advancing the theory of self-defense and from barring him from recovery on that theory.

This Court does not believe that the *Strawn* case is applicable to the current case. A fair reading of the *Strawn* case shows that its holding is that the defense of *consent* is not applicable in a battery action to bar the recovery of an aggressor. The *Strawn* case did not involve the defense of self-defense, which is distinct from the defense of consent. In fact, in *Strawn* the court noted that: "Defendant testified unequivocally that he and plaintiff mutually agreed to fight. Defendant admitted striking plaintiff on the head with an iron bar 'not exactly to protect' himself." 118 W.Va. at 604, 191 S.E. at 401.

For this Court to construe the *Strawn* case as indicating that in any case where two individuals engage in physical combat, one cannot assert the defense of self-defense would render the defense as self-defense wholly meaningless in the battery context.

■ The Court notes that a person who reasonably apprehends bodily harm by another is privileged under our law to exercise reasonable force to repel the battery. The amount of force used in defense must not be excessive and must be reasonable in relation to the perceived threat. See *Reynolds v. Griffith*, 126 W.Va. 766, 30 S.E.2d 81 (1944), and *State v. Miller*, 85 W.Va. 326, 102 S.E. 303 (1919). Further, the privilege of self-defense is lost only where one attempting to assert the defense intentionally provokes battery from another. As stated in the syllabus of *State v. Smith*, 170 W.Va. 654, 295 S.E.2d 820 (1982):

> The general rule is that a person accused of an assault does not lose his right to assert self-defense, unless he said or did something calculated to induce an attack upon himself.[1]

■ Under the overall circumstances of the present case where the evidence was, at best, conflicting as to whether the parties involved in the type of consensual mutual combat discussed in *Strawn v. Ingram, supra*, where there was evidence that the appellant struck the first blow, and where the trial court properly instructed the jury on the law relating to self-defense, this Court cannot conclude that the appellant's assertions with relation to the trial court's charge to the jury are meritorious.

The appellant next claims that the trial court erred in refusing to allow him to introduce evidence of the two other, unrelated incidents of violence.

■ In *Gable v. Kroger Company*, 186 W.Va. 62, 410 S.E.2d 701 (1991), this Court recognized that the admission of similar occurrence evidence was clearly discretionary with a trial court in civil actions. In addition, in Syllabus Point 3 of the *Gable* case the Court stated:

> To be admissible at all, similar occurrence evidence must relate to accidents or injuries or defects existing at substantially the same place and under substantially the same conditions. Evidence of injuries occurring under different circumstances or conditions is not admissible.

The Court went on to state in Syllabus Point 4:

> Rules 402 and 403 of the *West Virginia Rules of Evidence* [1985] direct the trial judge to admit relevant evidence, but to exclude evidence whose probative value is substantially outweighed by the danger of unfair prejudice to the defendant.

■ As previously indicated, one of the two incidents about which the appellant sought to introduce evidence occurred years before the incident involved in the present case. The other occurred years later. Given the distance in time as well as the difference in location, of this other incident evidence from the incident in issue in the present case, and its potential for unfair prejudice, this Court cannot conclude that under the principles enunciated in *Gable v. Kroger Company*, *Id.*, that the circuit judge abused his discretion in refusing to allow admission of that evidence.

Lastly, the appellant claims that the circuit court erred in refusing to introduce medical bills which he sought to introduce in the evidence.

As previously indicated, the trial court did not absolutely preclude the admission of the medical bills in question. The court did, however, rule that it was incumbent upon the appellant to establish a foundation for the admission of the bills by showing that the services for which the bills were rendered were incurred as a proximate result or for treatment of injuries which the appellant claimed that he had sustained at the hands of Mr. Bennett.

The appellant did not develop such foundation for the bills which the appellant claims the trial court erred in refusing to admit.

Although this Court can find no West Virginia decision precisely on this point, the Supreme Court of Appeals of Virginia in *McMunn v. Tatum*, 237 Va. 558, 379 S.E.2d 908 (1989), has, stated:

> defense in battery cases does not vary in its application in felony, misdemeanor, or civil cases. *Teel v. Coal and Coke Railway Company*, 66 W.Va. 315, 66 S.E. 470 (1909).

---

1. Although the word "assault" was used in the *Smith* case, a battery was actually involved since striking and actual physical grabbing were involved. Further, although the *Smith* case was a criminal case, our law is that the law of self-

"[W]here the defendant objects to the introduction of medical bills, indicating that the defendant's evidence will raise a substantial contest as to either the question of medical necessity or the question of causal relationship, the court may admit the challenged medical bills only with foundation expert testimony tending to establish medical necessity or causal relationship, or both, as appropriate."

237 Va. at 569, 379 S.E.2d at 914.

In Syllabus Point 4 of *Konopka v. Montgomery Ward & Co.*, 133 W.Va. 775, 58 S.E.2d 128 (1950), this Court did state:

"In an action for personal injuries, no recovery can be had for medical, hospital and nursing services, unless it appears from the evidence that such services were fairly necessary and that the changes therefor are reasonable."

Since the proof must show that medical and hospital services were reasonably necessitated by a personal injury, it must necessarily follow that bills for services must be for services reasonably necessary before they are admissible into evidence, and in *Pygman v. Helton*, 148 W.Va. 281, 134 S.E.2d 717 (1964), the Court implicitly did recognize that there must be a causal relationship between a defendant's acts and the plaintiff's injuries before evidence of the injuries may be admitted into evidence.

In view of this and the guidance provided by the Virginia Court in *McMunn v. Tatum, supra*, this Court cannot conclude that the trial court in the present case erred by ruling that it was incumbent upon the appellant to establish an appropriate foundation for the medical bills in question before those bills would be introduced into evidence. Further, since no such foundation was established, this Court cannot conclude that the trial court erred in refusing to admit the bills.

For the reasons stated the judgment in the Circuit Court of Wood County is affirmed.

Affirmed.