No. 13-1116 -    *Aaron Browning v. David Hickman*

**FILED**

**June 10, 2015**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Davis, Justice, joined by Benjamin, Justice, dissenting:

In this civil appeal, the majority has upheld two evidentiary rulings made by the circuit court: one ruling admitted the audio recording of a 911 call and the other excluded opinion testimony by a law enforcement officer. For the reasons explained below, I strongly disagree with both of these conclusions.

### A. Inadmissibility of 911 Recording

The circuit court found the 911 recording was admissible under West Virginia Rule of Evidence 803(1) as a "present sense impression." In affirming this ruling, the majority found the recording was relevant, was not unfairly prejudicial, and met the criteria for admissibility under Rule 803(1). As I will explain, these conclusions are simply wrong.

**1. Relevance.** Pursuant to Rule 401 of the West Virginia Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."

1

In the 911 recording at issue, the caller stated "it was the red truck, it pulled out in front of the vehicle." Without explanation, the majority has concluded that

> [b]ecause the plaintiff chose to offer a theory of liability that the plaintiff was *already* in the intersection and thus the defendant should have yielded *regardless* of who had the green light, the circuit court correctly ruled that this evidence was relevant and admissible under Rules 401 and 402 of the Rules of Evidence.

The majority fails to explain how the statement offered in the 911 recording tends to make more or less probable the plaintiff's assertion that "the defendant should have yielded *regardless* of who had the green light." The scant 911 recording provides no detail whatsoever about the circumstances of the collision or the events leading thereto. The caller gave no indication of which party appeared to have the right-of-way, or whether one or the other of the drivers was exceeding the speed limit. There simply is nothing in the recording that sheds any light onto the question of which vehicle should have yielded to the other. Therefore, the 911 recording was not relevant and should have been excluded. *See* W. Va. R. Evid. 402 (providing, in part, "[i]rrelevant evidence is not admissible").

**2. Prejudice.** Assuming, *arguendo*, that the 911 recording bore some level of relevance to the issues in this case, it should have been excluded insofar as its "probative value is substantially outweighed by a danger of . . . unfair prejudice." W. Va. R. Evid. 403.

2

This Court has explained that, "[a]s to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse." Syl. pt. 10, in part, *State v. Derr*, 192 W. Va. 165, 451 S.E.2d 731 (1994). Demonstrated in this case is a clear abuse of discretion by the trial court.

"Rules 402 and 403 of the *West Virginia Rules of Evidence* . . . direct the trial judge to admit relevant evidence, but to exclude evidence whose probative value is substantially outweighed by the danger of unfair prejudice to the defendant." Syl. pt. 4, *Gable v. Kroger Co.*, 186 W. Va. 62, 410 S.E.2d 701 (1991). By showing above that the 911 recording was not relevant to the issues presented in this case, I have demonstrated that it had no probative value. Even the majority characterizes the recording as "minimally probative to a determination of the proximity of the vehicles to one another and to the intersection."

Because the 911 recording had little to no probative value, it is easily outweighed by the risk of prejudice: "[i]f the relevancy of the evidence is only slight (remotely relevant to an issue of consequence or directly relevant to an issue of little import), but it would likely be prejudicial, then any justification for its admission is only slight or virtually nonexistent." 1 Franklin D. Cleckley, Louis J. Palmer, Jr. & Justice Robin Jean

3

Davis, *Handbook on Evidence for West Virginia Lawyers* § 403.02[2][d], at 4-71 (5th ed. 2012).

The majority found the 911 recording to be "fairly innocuous." To the contrary, I believe that anyone hearing the statement made by the 911 caller, that "it was the red truck, it pulled out in front of the vehicle," would interpret the caller to be stating that the red truck had, in fact, *caused* the accident. Such a conclusion, unaccompanied by any supporting facts, is exceedingly prejudicial. Thus, I conclude that, in admitting the 911 recording, the trial court failed to properly weigh its significant prejudicial effect against its admittedly "minimally probative" value. The majority perpetuated this error by affirming the same.

**3. Rule 803(1).** Rule 803(1) provides, in relevant part, that "[t]he following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: (1) Present sense impression. — A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it." The Court has established the standard for applying Rule 803(1) as follows:

> It is within a trial court's discretion to admit an out-of-court statement under Rule 803(1), the present sense impression exception, of the West Virginia Rules of Evidence if: (1) The statement was made at the time or shortly after an event; (2) the statement describes the event; and (3) the event

giving rise to the statement was within a declarant's personal knowledge.

Syl. pt. 4, *State v. Phillips*, 194 W. Va. 569, 461 S.E.2d 75 (1995), *overruled on other grounds by State v. Sutherland*, 231 W. Va. 410, 745 S.E.2d 448 (2013). The three factors set out in Syllabus point 4 of *Phillips* are joined with the conjunctive "and," meaning they all must be present in order for a statement to be admissible under Rule 803(1). *See, e.g., Jan-Care Ambulance Serv., Inc. v. Public Serv. Comm'n of W. Virginia*, 206 W. Va. 183, 193 n.13, 522 S.E.2d 912, 922 n.13 (1999) ("Because of the use of the conjunctive 'and,' all of the services contained in Section 1206(b)(4)(C) of the 1973 Act are required of an emergency medical services system."); *Ooten v. Faerber*, 181 W. Va. 592, 597, 383 S.E.2d 774, 779 (1989) (determining that the term "and" "clearly ma[de] both conditions necessary, not merely either of the two.").

In the instant case, the second factor of the *Phillips* standard, requiring that "the statement describes the event," is absent. Syl. pt. 4, in part, *Phillips*, 194 W. Va. 569, 461 S.E.2d 75. The 911 recording included only a brief, incomplete, statement that "it was the red truck, it pulled out in front of the vehicle." As the majority points out, "the 911 caller did *not* say who had the green light, who had the right-of-way, or whether either driver was speeding or driving in an otherwise unsafe manner." The ambiguous statement in the 911 recording fails to describe the accident with any useful detail that is relevant to the issues presented in this case. As the majority correctly acknowledges, the theories of liability

5

offered by the plaintiff were all based upon the fact that the plaintiff already was in the intersection at the time of the collision.[1] Because the vague statement made in the 911 call does not in any way provide a description or explanation of the accident, it was not admissible as an exception to the hearsay rule pursuant to Rule 803(1). *See Phillips*, 194 W. Va. at 578, 461 S.E.2d at 84 ("The second element of the present sense impression exception is that the statement must describe or explain the event or condition and not just 'relate to' the event, as is permissible for excited utterances. Therefore, a statement that is only evoked by an event and does not describe it is inadmissible under Rule 803(1)."). *See also* 2 Cleckley, Palmer & Davis, *Handbook on Evidence* § 803.02[2][b], at 8-119 (discussing Rule 803(1) and explaining "[t]he scope of admissibility is narrow. It permits only statements describing or explaining an event. (footnote omitted)).

### *B. Expert Opinion Testimony*

The majority herein also has affirmed the trial court's ruling refusing to allow Officer Miller to testify regarding his opinion about who caused the accident. Two grounds were given by the trial court for excluding Officer Miller's opinion testimony: Officer Miller admittedly was not an expert on the issue of accident reconstruction and, during his

---

[1]The plaintiff offered four theories of liability: (1) the plaintiff had the right-of-way; (2) the defendant should have kept a better lookout, (3) the defendant should have yielded to a car already in the intersection, and (4) the defendant should have refrained from speeding.

6

deposition, Officer Miller gave testimony that was inconsistent with the opinion expressed in his report. Neither of these grounds justifies excluding Officer Miller's opinion testimony.

**1. Expert Qualification.** Expert witness testimony is governed by Rule 702 of the West Virginia Rules of Evidence. Rule 702 provides, in relevant part, "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise." *Accord* Syl. pt. 3, *Ventura v. Winegardner*, 178 W. Va. 82, 357 S.E.2d 764 (1987). *See also Watson v. Inco Alloys Int'l, Inc.*, 209 W. Va. 234, 242, 545 S.E.2d 294, 302 (2001) ("We have previously interpreted Rule 702 as containing three major requirements: '(1) the witness must be an expert; (2) the expert must testify to scientific, technical or specialized knowledge; and (3) the expert testimony must assist the trier of fact.'" (quoting *Gentry v. Mangum*, 195 W. Va. 512, 524, 466 S.E.2d 171, 183 (1995))).

Regarding Rule 702, this Court has clarified that

"[t]he rule 'is one of admissibility rather than exclusion.'" *In re Flood Litig. Coal River Watershed*, 222 W. Va. 574, 581, 668 S.E.2d 203, 210 (2008) (quoting *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991)). "Disputes as to the strength of an expert's credentials, mere differences in the methodology, or lack of textual authority for the opinion go to weight and not to the admissibility of their [sic] testimony." *Gentry v. Mangum*,

7

195 W. Va. 512, 527, 466 S.E.2d 171, 186 (1995) (citation omitted).

*Harris v. CSX Transp., Inc.*, 232 W. Va. 617, 621, 753 S.E.2d 275, 279 (2013). Indeed, In *Gentry v. Mangum*, this Court explained that

> [t]he first requirement of Rule 702—that the proposed witness be an expert—has been liberally construed by this Court. Rule 702 permits a circuit court to qualify an expert by virtue of education or experience or by some combination of these attributes. . . . [W]e have stated clearly that a broad range of knowledge, skills, and training qualify an expert as such, and rejected any notion of imposing overly rigorous requirements of expertise.

195 W. Va. 512, 524-25, 466 S.E.2d 171, 183-84 (1995) (footnote omitted). *See also Harris*, 232 W. Va. at 621, 753 S.E.2d at 279 ("Rule 702 reflects an attempt to liberalize the rules governing the admissibility of expert testimony. . . . What this means is that the rule is one of admissibility rather than exclusion." (internal quotations and citations omitted)).

On the issue of fault in automobile accidents, police officers have been qualified as experts and permitted to give opinion testimony. *See Gonzalez v. Conley*, 199 W. Va. 288, 290, 484 S.E.2d 171, 173 (1997) (per curiam) ("The investigating police officer, who stated during the trial that he was a trained and certified accident reconstructionist, testified that in his opinion the appellant was at fault in causing the car accident."); *State v. Hose*, 187 W. Va. 429, 419 S.E.2d 690 (1992) (per curiam) (allowing trooper to testify as reconstruction expert based upon his background and experience in accident reconstruction).

8

Particular to the instant matter, under the liberal standards of Rule 702 Officer Miller was likewise qualified to offer his expert opinion regarding the party at fault for the accident. He was a certified law enforcement officer who had completed the requisite training for the position, which included a component on vehicle accident investigations. In addition to his months of training, he had served as a law enforcement officer for an additional six months at the time of the accident underlying this appeal. His duties as a law enforcement officer included responding to automobile accidents, which gave him exposure to numerous such accidents. Thus, the defendant's challenge to Officer Miller's credentials should have been applied to the *weight* of his testimony and not to its *admissibility*. "Disputes as to the strength of an expert's credentials . . . go to weight and not to the admissibility of their [sic] testimony." *Gentry*, 195 W. Va. at 527, 466 S.E.2d at 186 (citation omitted).

**1. Inconsistent Testimony.** Finally, the majority has reasoned that Officer Miller's opinion was properly excluded because he gave testimony during his deposition that was inconsistent with the opinion he expressed in his accident report. In reaching this conclusion, the majority again fails to appreciate the difference between the *admissibility* of evidence and the *weight* of such evidence.

The fact that Officer Miller's report differed from his deposition testimony does not provide grounds for excluding his testimony. Rather, it simply provided a challenge to Officer Miller's credibility. This Court has recognized that "[s]ubject to well established exceptions, impeachment by contradiction may properly attack all kinds of testimony, whether given on direct or on cross, and indeed all evidence, as well as inferences suggested by evidence or arguments of counsel interpreting the evidence." Syl. pt. 2, *McDougal v. McCammon*, 193 W. Va. 229, 455 S.E.2d 788 (1995). In this vein, Rule 607 of the West Virginia Rules of Evidence allows for the impeachment of a witness as a means of challenging the witness' credibility. Pursuant to Rule 607, "[t]he credibility of a witness may be attacked and impeached by any party . . . ." In other words, "[t]he credibility of any witness . . . is always a proper subject of inquiry on cross-examination." 1 Cleckley, Palmer & Davis, *Handbook on Evidence* § 607.02[1][b], at 6-79. By excluding Officer Miller's testimony, the circuit court improperly usurped the jury's role in assessing Officer Miller's credibility. *See Estep v. Mike Ferrell Ford Lincoln-Mercury, Inc.*, 223 W. Va. 209, 220, 672 S.E.2d 345, 356 (2008) ("It was within the province of the jury to . . . determine the credibility of witnesses."); *Brown v. Gobble*, 196 W. Va. 559, 569, 474 S.E.2d 489, 499 (1996) ("[T]he trier of fact is the ultimate judge of credibility and is free to accept or reject any testimony it does not find credible."); Syl. pt. 3, in part, *State v. Guthrie*, 194 W. Va. 657, 461 S.E.2d 163 (1995) ("Credibility determinations are for a jury").

The majority has affirmed this case. Based upon the erroneous evidentiary rulings outlined above, this case should have been reversed and remanded for a new trial. Thus, For the reasons set out above, I respectfully dissent. I am authorized to state that Justice Benjamin joins me in this dissenting opinion.