**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


**State of West Virginia, Plaintiff Below,**
**Respondent**

**FILED**

October 21, 2013
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 12-1458** (McDowell County 11-F-90)

**Victor Junior Horn, Defendant Below,**
**Petitioner**


## MEMORANDUM DECISION

Petitioner Victor Horn, by counsel Floyd A. Anderson, appeals the Circuit Court of McDowell County's November 8, 2012 sentencing order. The State, by counsel Andrew Mendelson, filed a response. On appeal, petitioner alleges that the circuit court erred in (1) allowing the State to introduce his recorded statement into evidence, (2) allowing the State to introduce certain photographic evidence, and (3) denying his motion for judgment of acquittal and a new trial because the evidence below was insufficient to support his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On June 21, 2011, petitioner was indicted by a McDowell County Grand Jury on one count of first degree murder, one count of wanton endangerment involving a firearm, and one count of child neglect creating risk of injury. These charges stemmed from an incident in which petitioner shot and killed his wife with a rifle while his son was beside him. In January of 2012, the circuit court held a hearing on petitioner's motion to suppress his recorded statement, in which petitioner admitted to accidentally shooting the victim, and denied the same.

Petitioner's trial began on July 16, 2012.[1] Following the presentation of the State's case, petitioner moved for judgment of acquittal. The circuit court granted the motion, in part, and reduced the charge of first degree murder to second degree murder. Thereafter, petitioner informed that circuit court that he intended to present no evidence, rested, and thereafter renewed his motion for judgment of acquittal. The circuit court denied the motion. The jury ultimately found petitioner guilty of involuntary manslaughter, a lesser included offense of count one,

---

[1] Petitioner's original trial began in May of 2012, but the circuit court later declared a mistrial on the basis of certain statements made during a law enforcement officer's testimony.

1

wanton endangerment involving a firearm, and child neglect creating a risk of injury. Thereafter, petitioner filed a motion for judgment of acquittal and a new trial, and the circuit court denied the same by order entered on August 31, 2012.

By order entered in November of 2012, petitioner was sentenced to twelve months in the regional jail for his conviction of involuntary manslaughter, a term of incarceration of five years for his conviction of wanton endangerment, and a term of incarceration of one to five years for his conviction of child endangerment creating a risk of injury. The circuit court ordered that the sentences run consecutively. Petitioner thereafter appealed to this Court.

Upon our review, the Court finds no error in regard to any of petitioner's assignments of error. To begin, we have previously held as follows:

> "When reviewing a ruling on a motion to suppress, an appellate court should construe all facts in the light most favorable to the State, as it was the prevailing party below. Because of the highly fact-specific nature of a motion to suppress, particular deference is given to the findings of the circuit court because it had the opportunity to observe the witnesses and to hear testimony on the issues. Therefore, the circuit court's factual findings are reviewed for clear error." Syllabus Point 1, *State v. Lacy*, 196 W.Va. 104, 468 S.E.2d 719 (1996).

Syl. Pt. 1, *State v. Farley*, 230 W.Va. 193, 737 S.E.2d 90 (2012). We find that it was not clear error for the circuit court to deny petitioner's motion to suppress his recorded statement because the evidence indicated that petitioner waived his right against self-incrimination and to have counsel present. We have previously stated that "[i]n the trial of a criminal case, the State must prove, at least by a preponderance of the evidence, that a person under custodial interrogation has waived the right to remain silent and the right to have counsel present." *State v. Smith*, 218 W.Va. 127, 131, 624 S.E.2d 474, 478 (2005) (quoting Syl. Pt. 2, *State v. Rissler*, 165 W.Va. 640, 270 S.E.2d 778 (1980)).

Petitioner's argument on this point rests entirely on his assertion that he was too intoxicated to have waived his *Miranda* rights. However, in denying petitioner's motion, the circuit court noted that petitioner actively waived his rights by initialing a waiver form, and that he was responsive to questioning and affirmatively stated that he was aware of his rights. Further, the evidence indicates that petitioner's statement was given almost twelve hours after he last drank alcohol and that he was treated at a hospital for his intoxication during that time. Ultimately, after listening to the recorded statement, the circuit court found it to be knowingly and voluntarily given based upon petitioner's responses, inquiries, and level of education. For these reasons, we find no error in the circuit court denying petitioner's motion to suppress.

In regard to petitioner's assignment of error regarding the introduction of crime scene photographs, the Court finds no error. We have previously held that

> "[t]he West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admissibility of

2

evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard." Syllabus Point 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 2, *T & R Trucking, Inc. v. Maynard*, 221 W.Va. 447, 655 S.E.2d 193 (2007). Specifically, petitioner alleges error in introducing ten photographs of the crime scene because he argues that they were gruesome and repetitive, and that their prejudicial nature outweighed their probative value. We have set forth the following analysis for evaluating the admission of photographs claimed to be gruesome:

> Rule 401 of the West Virginia Rules of Evidence requires the trial court to determine the relevancy of the exhibit on the basis of whether the photograph is probative as to a fact of consequence in the case. The trial court then must consider whether the probative value of the exhibit is substantially outweighed by the counterfactors listed in Rule 403 of the West Virginia Rules of Evidence. As to the balancing under Rule 403, the trial court enjoys broad discretion. The Rule 403 balancing test is essentially a matter of trial conduct, and the trial court's discretion will not be overturned absent a showing of clear abuse.

*State v. Meadow*, 231 W.Va. 10, - -, 743 S.E.2d 318, 331 (2013) (quoting Syl. Pt. 10, *State v. Derr*, 192 W.Va. 165, 451 S.E.2d 731 (1994)). Upon our review, we find no abuse of discretion in the circuit court's decision to allow the photographs into evidence. Petitioner was indicted on one count of first degree murder, and the circuit court found that the photographs in question were relevant to a specific intent to kill. According to the circuit court, these photographs helped the jury determine the victim's position relative to the firearm by showing the path of the bullet. We agree with the circuit court that the photographs' probative value substantially outweighed any alleged prejudice to petitioner, and we find no error in the circuit court's decision to allow them to be admitted into evidence.

Finally, in regard to petitioner's assignment of error regarding his motion for judgment of acquittal and a new trial, we find no error. We have previously held that "[t]he Court applies a *de novo* standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note that

> "[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record

contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008). According to petitioner, the circuit court erred in denying this motion because the State failed to prove that petitioner was either engaged in an unlawful act or a lawful act in an unlawful manner, and also because the State failed to prove that he acted with wanton disregard for his son's safety.

Upon our review, the Court finds that the evidence was sufficient to support all of petitioner's convictions. While petitioner argues that the State merely established that a tragic accident occurred, it is clear that the State established the necessary elements for the crimes of which petitioner was convicted. The evidence established that petitioner was drinking alcohol when pointing a loaded firearm at his wife with his son right beside him, that both of the firearm's safeties were disengaged, and that petitioner's finger was on the trigger, which required six and a half pounds of pressure to fire. This evidence is sufficient to support petitioner's conviction of involuntary manslaughter and the jury's finding that petitioner either committed an unlawful act or a lawful act in an unlawful manner. Further, this same evidence supports the jury's finding that petitioner performed a wanton act with a firearm that created a substantial risk of death or serious bodily injury to another person. Finally, the same evidence supports the jury's finding that petitioner grossly neglected his child and created a substantial risk of serious bodily injury or death to the child, who was positioned next to petitioner when the fatal bullet was fired.

For the foregoing reasons, the circuit court's November 8, 2012 sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4