# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **S.W., J.W., and L.W.**

**No. 17-0180** (Randolph County 16-JA-11, 16-JA-12, & 16-JA-13)

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father E.W., by counsel Jeremy B. Cooper, appeals the Circuit Court of Randolph County's February 9, 2017, order terminating his parental rights to S.W., J.W., and L.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying his request for a post-adjudicatory improvement period and in terminating his parental rights based on the recommendations of an expert who was unavailable to testify.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2016, the DHHR filed an abuse and neglect petition against petitioner and the mother. The petition alleged that the parties engaged in domestic violence in the children's presence and abused drugs. The petition also alleged that petitioner and the mother failed to provide the children with safe and stable housing or with proper medical care and education. The petition further alleged that petitioner and the mother exposed the children to sex offenders. In March of 2016, the petition was amended to include allegations that S.W. and J.W. were sexually abused by the mother's brother, a registered sex offender, and by a neighbor. The amended petition also alleged that petitioner and the mother were aware of the sexual abuse but took no action to protect the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

In April of 2016, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations that he exposed the children to domestic violence in the home, failed to properly educate or supervise the children, and failed to protect them from sexual abuse. The circuit court accepted petitioner's stipulation and adjudicated him as an abusing parent. Further, the circuit court ordered that petitioner to submit to random drug screening and that his supervised visitation would be contingent on his negative drug screens. Following his adjudication, petitioner filed a written motion requesting a post-adjudicatory improvement period.

In December of 2016, after a series of continuances, the circuit court held a dispositional hearing. At the hearing the circuit court considered petitioner's motion for a post-adjudicatory improvement period and the DHHR's motion to terminate petitioner's parental rights. The DHHR called the psychologist that evaluated the children to testify but the psychologist failed to appear because of a death in her family. A DHHR worker testified as to the recommendations contained in the psychologist's evaluation. Petitioner objected to the testimony based on his inability to cross-examine the psychologist. The circuit court allowed the DHHR worker's testimony but held a conference with the parties regarding the psychologist's absence. The parties agreed that the guardian would obtain the children's written therapeutic recommendations from the psychologist and counselors and disseminate them to the parties.

Also at the dispositional hearing, the director of the Community Corrections program in Randolph County, West Virginia testified that petitioner tested positive for methamphetamines in July of 2016, failed to submit to drug screens in September and October of 2016, and admitted to smoking methamphetamines in September of 2016. A DHHR worker testified that petitioner admitted that he and the mother continued to engage in domestic violence throughout the proceedings. The worker also testified that petitioner denied knowing that two of the children were sexually abused but knew that the mother's brother was a registered sex offender. The worker further testified that she had concerns regarding petitioner's ability to fully participate in an improvement period because of his on-going, violent relationship with the mother and his failure to participate in drug screening. Petitioner testified that, despite his positive drug screens, he did not believe that he "needed [rehabilitation] or anything like that." He admitted that he allowed a registered sex offender to live in his home and have access to his children. The circuit court continued the dispositional hearing at the guardian's request.

In January of 2017, the circuit court held a second dispositional hearing. Petitioner was not present at the hearing, but was represented by counsel. At the hearing, the circuit court noted it had considered the psychologists' written recommendations for the children and had recommended that petitioner and the mother have only therapeutic contact with the children due to the extent of sexual abuse and violence in the home. The circuit court noted that the psychologist did not recommend reunification with the parents. At the conclusion of the hearing, the circuit court found that petitioner and the mother continued to engage in domestic violence throughout the proceedings, that petitioner failed to comply with drug screening, and that he failed to visit with his children for more than one year, due to his non-compliance. The circuit court also found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect, terminated his parental rights to the children, and denied his

motion for a post-adjudicatory improvement period, by order entered on February 9, 2017.[2] It is from that order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds that the circuit court did not err in denying petitioner's motion for a post-adjudicatory improvement period or in terminating his parental rights.

On appeal, petitioner argues that the circuit court erred in denying his motion for a post-adjudicatory improvement period and terminating his parental rights because it based the denial and the termination on an expert opinion that was improperly admitted into evidence over his objection. Petitioner contends that because the psychologist's recommendations were based on her "scientific, technical, or other specialized knowledge" as defined in Rule 701 of the West Virginia Rules of Evidence, the circuit court erred in allowing a DHHR worker to testify as to the psychologist's recommendations. Petitioner also argues that the circuit court violated Rule 706 of the West Virginia Rules of Evidence because he was denied the opportunity to cross-examine the psychologist concerning her recommendations for the children. We disagree.

Regarding the standard of review for evidentiary rulings, we have said

> [t]he West Virginia Rules of Evidence . . . allocate significant discretion to the trial court in making evidentiary . . . rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few

---

[2] All parental rights of both of the children's parents were terminated below. According to the guardian, L.W. and J.W. were placed in the same foster home and the permanency plan is adoption therein. Additionally, S.W. was placed in residential treatment at the Bridge Program at the River Park Hospital. According to the guardian, S.W. is nearing her discharge from the program and has been participating in weekend visits and family therapy with a foster family and the permanency plan is adoption therein.

exceptions, this Court will review evidentiary . . . rulings of the circuit court under an abuse of discretion standard.

Syl. Pt. 2, *T & R Trucking, Inc. v. Maynard*, 221 W.Va. 447, 655 S.E.2d 193 (2007). Further, Rule 706(a) of the West Virginia Rules of Evidence provides that

> [t]he court may appoint any expert witnesses agreed upon by the parties and may appoint expert witnesses of its own selection . . . . A witness so appointed shall advise the parties of his or her findings, if any; the witness' deposition may be taken by any party; and the witness may be called to testify by the court or any party. The witness shall be subject to cross-examination by each party, including a party calling the witness.

In this case, at the dispositional hearing in December of 2016, petitioner objected to the DHHR worker's testimony regarding the psychologist's written recommendations for the children. Petitioner argued that he could not "cross-examine an evaluation." The circuit court overruled petitioner's objection and determined that the worker was the person "who made the arraignments" for the evaluation and, thus, could properly introduce the written recommendations into evidence. The circuit court admitted the written recommendations into evidence and limited the worker's testimony to the content of the written recommendations. Following a brief discussion with the circuit court, the parties agreed that the guardian would obtain the written recommendations from the psychologist and disseminate them to the parties. According to the record, the parties received copies of the psychologist's written recommendations in December of 2016. Additionally, in January of 2017, the parties were given the opportunity to present evidence at a second dispositional hearing. It is clear from the record that petitioner was afforded an opportunity to call the psychologist as a witness and cross-examine her at this January of 2017 hearing, but did not do so. As such, we find no error in the circuit court's admission of the psychologist's written recommendations.

Moreover, the circuit court based its denial of petitioner's motion for a post-adjudicatory improvement period and termination of his parental rights on substantial evidence apart from the psychologist's recommendations. For example, the circuit court was presented with evidence that petitioner tested positive for methamphetamines and continued to engage in domestic violence with the children's mother throughout the proceedings. Further, petitioner admitted to "drug use but deni[ed] that he has a substance abuse problem." We have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the respondent is likely to fully participate in the improvement period . . . .'"*In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate his ability to fully participate in an improvement period. As such, it is clear that petitioner failed to establish that he was likely to fully participate in a post-adjudicatory improvement period. Accordingly, we find the circuit court did not err in denying petitioner's motion.

Moreover, the circuit court found that petitioner failed to remedy the conditions of abuse and neglect in the home. These findings were based on substantial evidence, including evidence that petitioner failed to fully participate in random drug screening and that he continued to engage in domestic violence. Pursuant to West Virginia Code § 49-4-604(c)(3), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child . . . .

Based upon the substantial evidence outlined above, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect because, according to the circuit court, he was "unwilling or unable to provide adequately for the children's needs" and failed to visit with the children for more than one year due to his non-compliance. The circuit court further found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental rights upon such findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 9, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: September 5, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker